IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ELISEO GALINDO PEREZ,<br><br>Defendant. | Case No.: 3:21-cr-00360-AN-1<br><br>OPINION AND ORDER |

Defendant Eliseo Galindo Perez moves for a judicial recommendation to the Bureau of Prisons ("BOP") that he be provided the maximum period of community corrections under 18 U.S.C. § 3624(c). The government opposes the motion. For the reasons set forth below, the motion is DENIED.

## LEGAL STANDARD

18 U.S.C. §§ 3621(b) and 3624(c) govern the BOP's authority to place inmates in community corrections. *Sacora v. Thomas*, 628 F.3d 1059, 1061-62 (9th Cir. 2010). The BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1). Those conditions may include a community correctional facility or residential reentry center. An inmate may be placed in home confinement "for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months," and the BOP "shall, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted." *Id.* § 3624(c)(2).

When determining the designation of a correctional facility, the BOP must consider five factors, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." *Id.* § 3621(b).

1

## BACKGROUND

Defendant pleaded guilty to one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). J. & Commitment, ECF [34], at 1. On May 31, 2023, he was sentenced to a term of sixty months imprisonment followed by five years of supervised release. *Id.* at 2-3.

Defendant was initially arrested on state charges and released on bail in January 2021. Presentence Report, ECF [30], at 2; Gov't Resp., ECF [55], at 2. In September 2021, defendant was arrested by Mexican authorities at the border in San Ysidro, California. Gov't Resp. 2. Defendant was riding in the passenger seat of a vehicle that was searched at the border and contained a loaded firearm, ammunition, and marijuana. *Id.* Defendant was held in a Mexican jail in Tijuana from September 13 until he was transported to the United States on October 30, 2021 due to his indictment in this case. *Id.* at 2-3. Defendant was twenty-one years old at the time of his sentencing in 2023.

At the time of his motion, defendant was scheduled to be released from FCI Lompoc on January 26, 2026. Def. Mot., ECF [45], at 2. He completed the residential portion of the Residential Drug and Alcohol Program ("RDAP") on August 9, 2024. *Id.*

## DISCUSSION

Defendant requests the "maximum" amount of time in community corrections, which would include up to twelve months of community corrections (including residential reentry centers), with up to six months in home confinement. Def. Mot. 1-2; Def. Reply, ECF [57], at 6. First, defendant argues that his prison conduct, including his completion of RDAP, shows that he is prepared to begin transitioning back into the community. Def. Mot. 2. Defendant notes that, if his conviction did not bar it, he would have received up to a one-year sentence reduction for completion of RDAP and a further year for earned time credits. *Id.* Second, defendant states that a return to community would benefit his family because his

2

mother and aunt were murdered in 2022, during defendant's criminal proceedings, and his stepfather has struggled to care for his younger siblings alone in his absence. *Id.*[1]

The Court commends defendant's completion of RDAP and his commitment to recovery and recognizes how traumatic the loss of his mother and aunt must be for him and his family. Defendant is young, and his focus on improving himself and supporting his family is admirable. At this point in time, however, the Court is not prepared to make a judicial recommendation that defendant receive the maximum possible time in community corrections. Defendant has not demonstrated what he has done, outside of RDAP, to plan and prepare for his future after incarceration, nor how the earliest possible placement in a residential reentry center or home confinement would best position him to prepare for reentry. His travel to, and arrest in, Mexico while on state pretrial release also raise concerns about the risk of flight in a community corrections setting. This is not a recommendation against community corrections placement, and the BOP, which is more familiar with defendant's performance and activities, may still choose to provide him with the maximum time in community corrections.

## CONCLUSION

For the foregoing reasons, defendant's Motion for Judicial Recommendation, ECF [45], is DENIED.

IT IS SO ORDERED.

DATED this 18th day of October, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge

---

[1] In his motion, defendant also argued that a judicial recommendation is warranted because he is not receiving pretrial custody credit to which he is entitled. Defendant states that he has not received any credit for his custody in Mexico from September 13 to October 30, 2021, because the BOP has requested documentation that "the time has not been credited against a Mexican sentence" that defendant is unable to provide. *Id.* at 3. Defendant withdrew this argument in his reply. Def. Reply 8 n.1.